IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

SCOTT E. SHINE and JOSEPH HICKS §
§
V. § No. 5:17CV51-RWS-CMC
§
RICKY JONES FRANKLIN COUNTY §
SHERIFF In his Capacity as Sheriff and §
Individually and HEATH HYDE §

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven under 28 U.S.C. § 636. The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Docket No. 48. Plaintiffs filed objections to the Report and Recommendation under 28 U.S.C. § 636(b)(1)(C). Docket No. 49. Defendant Ricky Jones filed a response to the objections. Docket No. 53. The Court conducts a *de novo* review of the Magistrate Judge's findings and conclusions.

## I. FACTUAL BACKGROUND

On March 3, 2017, Plaintiff Scott Shine ("Plaintiff Shine") filed his complaint alleging 42 U.S.C. § 1983 violations and damages against Franklin County Sheriff Ricky Jones ("Defendant Jones"), in his individual and official capacity, and unknown agents of the Franklin County Sheriff's Department.[1] Docket No. 1. On May 4, 2017, Defendant Jones answered and filed his

---

[1] On August 22, 2017, the Court granted Plaintiff Shine's Motion to Dismiss Unknown Agents. Docket No. 25.

first motion to dismiss. Docket Nos. 6, 7. On May 25, 2017, Plaintiff Shine filed his First Amended Complaint. Docket No. 9.

On June 8, 2017, Defendant Jones filed his second motion to dismiss, and on June 26, filed his motion for summary judgment. Docket Nos. 12, 14. On August 21, Plaintiff Shine filed a Second Amended Complaint, wherein Plaintiff Shine added Joseph Hicks ("Plaintiff Hicks") as an additional plaintiff and Heath Hyde as an additional defendant. Docket No. 24. On September 1, 2017, Defendant Jones filed his third motion to dismiss all claims brought by Plaintiff Shine and Plaintiff Hicks. Docket No. 27.

## II. REPORT AND RECOMMENDATION

On November 21, 2017, the Magistrate Judge issued a 35-page Report and Recommendation recommending Defendant Jones' third motion to dismiss be granted. Docket No. 48. Based on Plaintiffs' withdrawal of their tortious interference with a contractual relationship state law claims against Defendant Jones, the Magistrate Judge recommended those state law claims be dismissed without prejudice. *Id*. at 7. The Magistrate Judge further recommended Plaintiffs' § 1983 claims against Defendant Ricky Jones be dismissed with prejudice. *Id*. at 34.

Specifically, the Magistrate Judge found that Plaintiff Hicks's claims are barred by the statute of limitations. *Id*. at 11–13. The Magistrate Judge further found Plaintiffs' claims do not allege a deprivation of Plaintiffs' Fourth or Eighth Amendment rights, and Defendant Jones is entitled to qualified immunity. *Id*. at 21–25. The Magistrate Judge also found that without a deprivation of a constitutional right, there can be no claim for conspiracy and no municipal liability. *Id*. at 26–30.

Plaintiffs filed objections to the Report and Recommendation. Docket No. 49. Plaintiffs object to the exclusion of summary judgment affidavits in the consideration of Defendant Jones's Rule 12(b)(6) motion to dismiss, the finding that Plaintiff Hicks's claims are barred by the statute of limitations, and the dismissal of Plaintiffs' Fourth Amendment claims. *Id*.

### III. *DE NOVO* REVIEW

**A.     Consideration of the summary judgment affidavits**

In their objections, Plaintiffs concur with the Magistrate Judge's procedural history but assert the summary judgment affidavits of Defendants Jones and Hyde attached to Defendant Jones's motion for summary judgment are critical documents and should be considered. Docket No. 49 at 1. However, in ruling on Defendant Jones's Rule 12(b)(6) motion to dismiss, the Magistrate Judge, as is proper, did not consider any extrinsic evidence. Docket No. 48 at 9 (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). Consequently, Plaintiffs are incorrect when they argue the Magistrate Judge, or the undersigned, should consider the affidavits that were attached to Defendant Jones's earlier motion for summary judgment.[2]

**B.     Whether Plaintiff Hicks' claims are barred by limitations**

Turning to the Magistrate Judge's finding that Plaintiff Hicks's claims are barred by the statute of limitations, Plaintiff Hicks's claims relate to alleged actions on the part of Defendant Jones that occurred in February 2015. Yet Plaintiff Hicks raised those claims against Defendant Jones on August 21, 2017 in the Second Amended Complaint, approximately six months after the statute of limitations had run.

---

[2] However, even if the Court were to consider the affidavits, the Court's ruling would be the same, not only based on the statute of limitations having run but also because Plaintiffs' § 1983 claims are not viable as discussed hereafter.

According to Plaintiffs, the limitations period begins to run when the plaintiff either is or should be aware of both the injury and its connection with the alleged acts of the defendant. Docket No. 49 at 4. Plaintiffs assert Plaintiff Hicks has been incarcerated since being re-arrested on February 26, 2016 and would have no reason to know that Defendant Jones was a factor in moving Defendant Hyde to file the Article 17.19 Affidavits that led to Plaintiff Hicks's re-arrest. *Id.*

The statute of limitations for constitutional actions is governed by the two-year statute of limitations found in Texas Civil Practice and Remedies Code § 16.003. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). While the applicable two-year statute of limitations period is borrowed from Texas law, courts "determine the accrual date of a § 1983 action by reference to federal law." *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). Federal law holds generally that an action accrues when a plaintiff has a complete and present cause of action, or, expressed differently, when the plaintiff can file suit and obtain relief." *Id.* (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferber Corp. Of Cal.*, 522 U.S. 192, 201 (1997)) (internal quotation marks omitted). The Fifth Circuit Court of Appeals has stated "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know he has been injured.'" *Id.* (quoting *Piotrowski*, 237 F.3d at 576); *see also Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331–32 (5th Cir. 2014) (per curiam) ("The standard in § 1983 actions provides 'that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action.' " (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)).

The discovery rule is an accrual rule for the applicable statute of limitations, not a tolling rule, and simply defers the accrual of a cause of action. *Shelby*, 577 F. App'x at 331. In their objections, Plaintiffs argue that Plaintiff Hicks's claims are not barred by limitations because he

discovered his injury only when he was incarcerated with Plaintiff Shine and heard about Shine's lawsuit and the affidavits of Defendants Jones and Hyde which were filed in support of Defendant Jones' motion for summary judgment. Docket No. 49 at 4. Plaintiff Hicks argues he did not discover there was a communication between Defendant Jones and Defendant Hyde prior to Hicks's re-arrest on February 26, 2015, as detailed in the affidavits that have been filed in this case, and thus he did not know of his injury. *Id*. at 2. This argument is without merit.

In *Brown v. Walraven,* 9 F.3d 1546, 1993 WL 503349 (5th Cir. Nov. 17, 1993) (per curiam), Brown alleged he was arrested on December 9, 1988, for selling drugs in October 1988. "The crux of his allegations of constitutional violations surrounding his arrest and prosecution [was] that the defendants did not have authority or jurisdiction to arrest him in 1988 because the Ark-La-Tex narcotics task force did not have authority to operate in Harrison County, Texas, in 1988. All of the allegations in his pleadings refer[red] to 1988." *Brown*, 1993 WL 503349, at *2. Brown filed suit in state court on February 10, 1992. *Id*. The district court found Brown's cause of action was barred by the statute of limitations. *Id*. According to the Fifth Circuit,

> Brown argue[d] on appeal though that he was not aware of his cause of action at the time of the arrest because he did not know at the time that the defendants were acting without jurisdiction or authorization. He contend[ed] that he did not have knowledge of any wrongful acts by the defendants until the date of the criminal trial, when testimony revealed their tainted authorization. This argument fails. Brown knew that he was injured when he was arrested and prosecuted, and the statute of limitations began to run in 1988.

*Id*. at *2–*3 (citing *Longoria v. City of Bay City, Tex.*, 779 F.2d 1136, 1139 (5th Cir. 1986)).

As referenced above, a § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. "Because the Texas statute of limitations is borrowed in Section 1983 cases, Texas's equitable tolling principles control this litigation." *Peterson v. Davies*, No. 3:15-CV-247-M (BF), 2017 WL 1378281, at *3 (N.D. Tex.

Mar. 16, 2017), *report and recommendation adopted*, No. 3:15-CV-247-M (BF), 2017 WL 1376377 (N.D. Tex. Apr. 11, 2017) (internal quotation marks and citations omitted). "Texas courts sparingly apply equitable tolling and look, *inter alia,* to whether a plaintiff diligently pursued his rights; litigants may not use the doctrine to avoid the consequences of their own negligence. Federal courts also apply the doctrine sparingly." *Id*. "[E]quitable tolling is available where a plaintiff has actively pursued judicial remedies but filed a defective pleading, as long as the plaintiff has exercised due diligence. . . . [T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Id*.

"When a Section 1983 plaintiff knows or has reason to know of an injury and the cause of that injury – such as arrest by police officers that he believes to be wrongful or use of force by prison guards that he believes to be excessive – the limitations period begins, and he acquires a duty to fully investigate his claims." *Rogers v. Buchanan*, No. 3:12-CV-2458-M-BN, 2015 WL 5772203, at *3 (N.D. Tex. Aug. 4, 2015), *report and recommendation adopted*, No. 3:12-CV-2458-M-BN, 2015 WL 5771926 (N.D. Tex. Sept. 30, 2015). "Simply because a plaintiff later learns – in pursuing his investigation, for example – that a particular defendant also may be liable for his harm does not restart the limitations period as to that defendant." *Id*.

As argued by Defendant Jones, there is no basis for tolling the limitations period, because Plaintiff Hicks had or with due diligence could have had the information necessary to file suit against Defendant Jones before the statute of limitations expired. *See Longoria*, 779 F.2d at 1138 ("The fact that the Longorias took all of this action after the first flood and before the second clearly establishes that they knew of their injury, and were on notice of its cause, at the occurrence of the first flood. . . . [W]e reject the Longorias' argument here that the statutory period was tolled until they learned through a newspaper article of possible wrongdoing by this defendant. They

were on ample notice after the first flood that it would be appropriate to investigate the possibility of fraud. At that point, the limitations period began to run and the Longorias acquired a duty to exercise reasonable diligence to discover their cause of action. The argument that the statutory period is tolled until the plaintiff learns that the defendant's conduct may have been wrongful finds no support in the relevant case law.").

What is more, Plaintiff Shine had the same knowledge of his alleged injury when he filed suit within the limitations period. Because Plaintiff Hicks had knowledge of his re-arrest and the stated reasons for his re-arrest on February 27, 2015, the limitations period began to run on that date. Because Plaintiff Hicks's claims are barred, his claims should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

The Magistrate Judge correctly applied the above stated law, and then went on to discuss how other legal arguments, not raised by Plaintiff Hicks, also fail. Docket No. 48. Tolling based on fraudulent concealment does not apply because there was no relationship of trust and confidence between Plaintiff Hicks and Defendant Jones giving rise to such duty. *Id*. at 12–13. Also, the relation-back doctrine does not apply because Defendant Jones did not have fair notice of a claim by Plaintiff Hicks, there was no identity of interest between Plaintiff Shine and Plaintiff Hicks, and Defendant Jones would be prejudiced by the addition of Hicks as a Plaintiff. *Id*. at 15. Plaintiffs' objections to this part of the Report and Recommendation are **OVERRULED**.

C.     **Whether Plaintiffs stated a Fourth Amendment claim**

In the Second Amended Complaint ("SAC"), Plaintiffs allege Defendant Jones is liable for an unreasonable seizure because he allegedly misrepresented facts to the private bondsman who wrote Plaintiffs' bonds after Plaintiffs were released from jail. Docket No. 24 at 5. Plaintiffs allege that because of this unspecified "misrepresentation," Plaintiffs' bondsman made the

decision to prepare and sign "Article 17.19 Affidavits" and submit them to a justice of the peace to issue warrants for Plaintiffs' arrest. *Id*. As set forth in the SAC, neither Defendant Jones nor any other governmental actor prepared or signed the affidavits which were presented to the justice of the peace.

The justice of the peace found cause that the arrest warrants should issue. Defendant Jones's deputies arrested Plaintiffs based on facially valid warrants. *See* Docket Nos. 24-5, 24-6, 24-7. The Fifth Circuit has held that officers acting pursuant to a facially valid judicial warrant enjoy qualified immunity for executing the warrant. *Hamill v. Wright*, 870 F.2d 1032, 1036 (5th Cir. 1989). Plaintiffs' case rests on allegations that Defendant Jones told Plaintiffs' bondsman they were a flight risk resulting in the bondsman surrendering Plaintiffs back to jail. As recommended by the Magistrate Judge (Docket No. 48), even assuming the truth of the allegations, they fail to state a claim upon which relief can be granted.

According to Defendant Jones, because Plaintiffs were clearly arrested pursuant to valid arrest warrants issued by a justice of the peace, the only arguable cause of action Plaintiffs could be asserting is a *Franks/Hart*-style conspiracy claim. *Franks v. Delaware*, 438 U.S. 154, 155 (1978); *Hart v. O'Brien*, 127 F.3d 424, 442 (5th Cir. 1997). Defendant Jones asserts, in line with the Magistrate Judge's finding, the facts and circumstances of this case do not support such a cause of action. Docket No. 53 at 7. In their objections, Plaintiffs concede that *Franks/Hart* is not applicable to this case. Docket No. 49 at 7–8 ("Plaintiff would note that the *Frank/Hart* is not applicable because the process that led to the re-arrest of Plaintiff Shine and Hicks was not governed by a concept of probable cause, the initiating factor[] was instead a procedure process under Article 17.19 of the Texas Code of Criminal which dictated the filing of an Article 17.19 Affidavit a document that the Sheriff nor any other governmental agent could have filed after the

Sheriff and or his agents approved the Bonds of Plaintiff Shine[] and Hicks on February 21st and 24th respectively.").

Instead, Plaintiffs argue their conspiracy claim supports a § 1983 cause of action. To support a claim of conspiracy under § 1983, a plaintiff "must allege facts that indicate: (1) an agreement between the private and public defendants to commit an illegal act, and (2) an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (citations omitted). A plaintiff who asserts a conspiracy claim under the civil rights statutes must plead the "operative facts" showing an illegal agreement; "bald allegations" of an agreement do not suffice. *Lynch v. Cannatella,* 810 F.2d 1363, 1369–70 (5th Cir. 1987).

There are no factual allegations revealing Defendant Jones's participation in an illegal agreement. The SAC merely makes the allegation of conspiracy without indicating what factual basis exists for such allegations. Such allegations are "not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S at 662, 664, 129 S.Ct. 1937 (2009). Moreover, as the Magistrate Judge pointed out, "a conspiracy claim is not actionable without an actual violation of section 1983." Docket No. 48 at 26 (citing *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds by Martin v. Thomas*, 973 F.2d 449 (5th Cir. 1992) (citations omitted)). Here, Plaintiffs have not plausibly pleaded an actual deprivation of their Fourth Amendment rights in connection with their arrest. Nor have Plaintiffs plausibly pleaded an actual deprivation of their Eighth Amendment rights regarding excessive bail. Thus, to the extent Plaintiffs' conspiracy claims against Defendant Jones relate to those alleged deprivations, any claim for conspiracy fails.

### D. Qualified immunity

Finally, Defendant Jones asserts he is entitled to qualified immunity for Plaintiffs' claims against him in his individual capacity. Docket No. 53 at 6–8. The Magistrate Judge determined Defendant Jones is entitled to qualified immunity on the two constitutional claims underlying Plaintiffs' conspiracy claim. Docket No. 48 at 29–30. In *Pfannstiel v. City of Marion,* the Fifth Circuit explained that "[t]he defense of qualified immunity exists to protect an officer whose law enforcement actions were objectively reasonable. The protection granted extends to freedom from the expense of extensive fact development or trial as well as from a personal judgment for damages." 918 F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds by Martin v. Thomas*, 973 F.2d 449 (5th Cir. 1992). Where, as here, a plaintiff alleges both constitutional violations and a conspiracy to commit those violations, if the court is required to "consider whether a conspiracy might have been formed, the officer will face fact development or trial even where the official action was objectively reasonable." *Id*. This consequence "carries the potential for destroying the efficacy of the [qualified immunity] defense." *Id*. To avoid this consequence, the Fifth Circuit determined that it would "look to whether the officer's actions were taken pursuant to a conspiracy" only if it first determined that the state action at issue was "not objectively reasonable." *Id*. Following this procedure "insures that the defense of qualified immunity is given full meaning, and that the right of plaintiff to be compensated for damage caused by any official action which a reasonable official would not have taken is preserved." *Id*.

"The defendant's acts are held to be objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson v. Upshur Cty., TX*, 245 F.3d 447, 457 (5th Cir. 2001) (emphasis original). Here, in construing the facts in

the light most favorable to Plaintiffs, the undersigned concludes Plaintiffs failed to allege facts that would show that "all reasonable officials in the defendant's circumstances" would have known that the Defendants' conduct violated the Plaintiffs' asserted constitutional or federal statutory right. *Id*. Therefore, Defendant Jones's motion to dismiss (Docket No. 27) should also be **GRANTED** on this ground.

Finally, as recommended by the Magistrate Judge (Docket No. 48), without an underlying constitutional violation, Defendant Jones cannot be liable in his official capacity.

## IV. CONCLUSION

Plaintiffs' objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Defendant Ricky Jones should be dismissed under FED. R. CIV. P. 12(b)(6) in his individual and official capacities. Accordingly, it is hereby

**ORDERED** that Defendant Ricky Jones's Motion to Dismiss (Docket No. 27) is hereby **GRANTED.** It is further

**ORDERED** that Plaintiffs' state-law claims alleging tortious interference with a contractual relationship against Defendant Jones are **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that Plaintiffs' § 1983 claims against Defendant Jones are **DISMISSED WITH PREJUDICE.**

SIGNED this 22nd day of January, 2018.

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE